# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4776 | **DATE** | 1/28/2003 |
| **CASE TITLE** | Cytomedix, Inc. vs. Perfusion Partners | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached order, the Court grants PPAI's motion to reformulate jurisdiction (7-1) and individual defendants Smith, Buzenius and Pennie's motion to dismiss for lack of personal jurisdiction (8-1). The motions are otherwise denied. Florida Platelet Gel Symposium's motion to dismiss (9-1) is terminated as moot. PPAI is directed to answer the complaint on or before 2/18/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB - 3 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 19 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYTOMEDIX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 02 C 4776 |
| | ) | |
| PERFUSION PARTNERS & | ) | |
| ASSOCIATES, INC., a Florida | ) | |
| corporation, FLORIDA PLATELET | ) | |
| GEL SYMPOSIUM, a Florida corporation, | ) | |
| EMERY SMITH, DAVID BUZENIUS, | ) | |
| PATRICK PENNIE, and LISA COLAS | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED FEB 3 2003

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Cytomedix has sued Perfusion Partners & Associates Inc. (PPAI), and three individually named PPAI employees, Emery Smith, David Buzenius, and Patrick Pennie for patent infringement and Lanham Act violations.[1] Defendants have moved to dismiss for lack of jurisdiction and for failure to state a claim.

## FACTUAL BACKGROUND

Cytomedix is in the business of developing, licensing, and distributing "autologous cellular therapies" using medical patients' own platelets and blood components for the treatment of chronic

---

[1] The Complaint also names Florida Platelet Gel Symposium and Lisa Colas as defendants, but the claims against these parties have been voluntarily dismissed. *See* Order of Dec. 20, 2002.

wounds. Complaint ¶¶5, 13. It holds domestic and foreign patents relating to the use of a particular wound therapy composition known as "Autologel." Complaint ¶14. The company has recently emerged from bankruptcy. Defendant PPAI is a small healthcare provider in Florida. PPAI's Mot. to Dismiss at 1. Defendants Smith, Buzenius and Pennie are PPAI employees. Individual Defendants' Mot. to Dismiss at 1-2. The complaint alleges that PPAI and its employees have infringed upon Cytomedix's patents and have violated the Lanham Act by "making and using autologous cellular therapies and platelet gel products." Complaint ¶5-6.

The motions to dismiss currently before the court, however, do not concern the details of Cytomedix's claims. Rather, defendants challenge the basis of this Court's jurisdiction over the case as alleged in the complaint. Instead of asserting patent law jurisdiction over its infringement and unfair competition claims, Cytomedix has characterized its suit as an adversary proceeding "related to" its federal bankruptcy case. Complaint ¶3. Defendants dispute this characterization and urge the Court either to dismiss the case or to reformulate jurisdiction under the patent laws. A disinterested observer might wonder why it matters; we have jurisdiction over the case either way. The answer is simple: identification of the basis for our jurisdiction determines whether the Court has personal jurisdiction over the original defendants, who have moved to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim.

## DISCUSSION

As we consider defendants' 12(b) motions, we accept as true all well-pleaded allegations of the complaint and construe all ambiguities in favor of Cytomedix. *Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984); *Thompson v. Illinois Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002).

2

We note, however, that it is proper to look beyond the jurisdictional allegations in the complaint and view whatever evidence has been submitted to determine whether subject matter jurisdiction exists. *Roman v. U.S. Postal Service*, 821 F.2d 382, 385 (7th Cir. 1987) (citing *Grafon Corp. v. Hausermann*, 602 F.2d 781, 782 (7th Cir. 1979). We will address the issue of bankruptcy jurisdiction first.

## A. "Related To" Jurisdiction Under 28 U.S.C. §§ 157(a) and 1334(b)

Cytomedix alleges that the Court has jurisdiction over this "adversary proceeding" pursuant to 28 U.S.C. §1334(b) as "a civil proceeding arising in or related to a case under title 11 of the United States Code." Complaint ¶3. In support of this assertion, Cytomedix states that "[a]t the time of filing of this Complaint," it was "a chapter 11 debtor operating as debtor-in possession under the jurisdiction of the Bankruptcy Court." *Id.* Defendants argue that the case is simply a patent suit, the outcome of which will have no impact on the implementation of Cytomedix's bankruptcy reorganization. They point out that the reorganization plan, which excluded potential recoveries in patent infringement suits from the pool of assets available for distribution to creditors, had already been confirmed at the time this suit was commenced, and they contend that Cytomedix's status as debtor-in-possession when it filed its complaint is an irrelevant technicality.

"Related to" jurisdiction exists only when the dispute "affects the amount of property available for distribution or the allocation of property among creditors." *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987). Because of the timing of this suit, and because the evidence before the Court shows that the outcome of the case will not impact the distribution or allocation of property in Cytomedix's reorganization plan, we find that "related to" jurisdiction is lacking.

3

Cytomedix's complaint does not describe a connection between the subject of its patent suit and its bankruptcy reorganization. Apart from the jurisdictional allegations we have mentioned, the complaint is devoted to asserting factual and legal bases for its infringement claims. In its brief, however, Cytomedix sets forth three reasons why "related to" bankruptcy jurisdiction is proper. First, it points out that its patent case was filed before the effective date of its reorganization plan. Because its assets did not re-vest until that effective date, Cytomedix argues, its patent case remained property of the bankruptcy estate, subject to bankruptcy jurisdiction. Cytomedix next argues that even if its patent suit was not included in the bankruptcy estate for purposes of distribution to creditors, the outcome of this case will nonetheless impact creditor recovery through its influence on the company's stock. In addition, Cytomedix cites the broad reservation of jurisdiction provided for in its reorganization plan and argues that the bankruptcy court intended to resolve any future dispute involving property of the bankruptcy estate.

First, we address the timing of the complaint. The record shows that Cytomedix's reorganization plan was confirmed on June 12, 2002 and was to take effect on July 11, 2002. *See* Def. PPAI's Ex D; Order of Confirmation; Pl.'s Ex 3; Confirmed Plan. The complaint in this case was filed on July 3, 2002. There is no question, therefore, that Cytomedix filed its complaint before its reorganization plan became effective. At the time, Cytomedix remained under bankruptcy court supervision, and its assets did not re-vest until the plan's effective date a week later. *See* Pl's Ex 3; Confirmed Plan at 35. But this circumstance alone is not enough to confer bankruptcy jurisdiction over the case. As defendants emphasize, the complaint was filed after the reorganization plan had been confirmed. And contrary to Cytomedix's position, plan confirmation is an important turning point for

4

purposes of bankruptcy jurisdiction. *See Pettibone Corp. v. Easley,* 935 F.2d 120, 122 (7th Cir. 1991). Once a plan is confirmed, bankruptcy jurisdiction is sharply reduced. *See id.; In re Schwinn Bicycle Co.,* 210 B.R. 747, 754 (Bankr. N.D. Ill. 1997). Though "related to" jurisdiction can extend to post-confirmation disputes, *In re S.N.A. Nut Co.,* 206 B.R. 495, 500 (Bankr. N.D. Ill. 1997), the exercise of such jurisdiction is appropriate only to ensure that reorganization plans are implemented and to protect estate assets devoted to implement the confirmed plan. *Schwinn,* 210 B.R. at 755 (citing *Matter of Energy Cooperative Inc.,* 886 F.2d 921, 929-930 (7th Cir. 1989)). More generally, "related to" jurisdiction exists only where adjudication of the case would affect the property available for distribution or the allocation of property among creditors. *See Xonics,* 813 F.2d at 131 (7th Cir. 1987); *In re Fed Pak Systems Inc.,* 80 F.3d 207, 213-14 (7th Cir. 1995); *Zerand-Bernal Group Inc. v. Cox,* 23 F.3d 159, 161-162 (7th Cir. 1994). The question, therefore, is not whether Cytomedix remained under bankruptcy supervision when the case was filed. Rather, "related to" jurisdiction depends on whether the outcome of this infringement suit could impact creditor recovery or the implementation of the confirmed plan.

Cytomedix insists that the outcome of the case will affect creditor recovery, or at least could have at the time the case was filed. It points out that the patents at issue were identified during bankruptcy as its most significant assets. Further, it argues that its Disclosure Statement filed in the bankruptcy case specifically identified PPAI as a potential defendant in an infringement suit and expressly reserved its right to "pursue actions against any [p]ersons who at any time ... infringed [its] [i]ntellectual [p]roperty [a]ssets." *See* Pl's Ex 4 at 13-14, Appendix F. But Cytomedix neglects to mention that its patent infringement suits, including its case against PPAI, were assigned no value in its

5

liquidation analysis and were not calculated as part of its assets for distribution in bankruptcy. *See* Def's Ex J; 6-7-02 Conf. Hearing at 154:7-15. As Cytomedix acknowledged during its bankruptcy proceedings, it will retain the total amount of any damages awarded in this case. *See* Def's Ex J; 6-6-02 Conf. Hearing at 87:11-20. Under the company's confirmed reorganization plan, its creditors have no claim on the proceeds of potential patent infringement actions. *See* Pl's Ex. 3 at 29. Funding for the plan comes exclusively from the funds of the bankruptcy estate, income generated by operation of the reorganized debtor's business, and fresh capital raised through a private placement offering. *See id.* Thus, we disagree with Cytomedix that this patent case will affect the implementation of its reorganization plan. The outcome of the case will have no impact on the distribution of the estate or the allocation of property among creditors.

We also reject Cytomedix's contention that its success or failure in the case will affect creditor recovery through the impact such results might have on shares of stock that creditors received during reorganization. The adjudication of this case may have many indirect effects, including the influence on stock value that Cytomedix proposes. But the Seventh Circuit has construed "related to" jurisdiction narrowly, rejecting litigants' efforts to obtain bankruptcy jurisdiction over controversies that do not directly concern the amount of property available for distribution. *See, e.g., In re FedPak Systems, Inc.,* 80 F.3d 207, 214 (7th Cir. 1995) (finding "related to" jurisdiction over intellectual property rights dispute inappropriate in part because the effect of the case on the flow of royalty payments to the bankruptcy estate were "at best speculative and hypothetical"). Neither of the cases Cytomedix cites, *In re Ames Department Stores Inc.,* 190 B.R. 157, 161 (S.D.N.Y. 1995) ("related to" jurisdiction proper where recovery in the case was accounted for in the structure of the reorganization plan);

*Larami Limted v. Yes! Entertainment Corp.*, 244 B.R. 56, 60 (D.N.J. 2000) ("related to" jurisdiction over patent infringement suit against debtor appropriate during ongoing Chapter 11 proceedings) provides support for its argument. Moreover, the Seventh Circuit has rejected the *Pacor* analysis applied in these cases, settling on a more limited definition of "related to" jurisdiction. *See FedPak*, 80 F.3d at 213 (rejecting "sweeping test" adopted in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) (holding that "related to" jurisdiction exists whenever a proceeding could conceivably have any effect on the bankruptcy estate)).

Cytomedix points out that in confirming its reorganization plan, the bankruptcy court reserved jurisdiction over disputes involving property of the estate. *See* Pl's Ex 3 at 40-42. It relies heavily on the bankruptcy court's decision to exercise that jurisdiction in a similar infringement action filed against defendant PPAI's customer, LB Hyperbarics. *See* Pl's Ex A; Transcript of Proceedings before Judge Wedoff. But a bankruptcy court's power to reserve jurisdiction over controversies involving the debtor or the property of the bankruptcy estate is no broader than its power to exercise "related to" jurisdiction under 28 U.S.C. §157(a). *See Zerand-Bernal Group, Inc.*, 23 F.3d at 163-64. In the Hyperbarics case, the bankruptcy court decided that "related to" jurisdiction was appropriate. *See* Pl's Ex A at 10-11. As our analysis indicates, we disagree. This is a patent infringement case wholly unrelated to Cytomedix's bankruptcy. The only interests at stake are those of the reorganized debtor and the defendants, none of which have a claim against the bankruptcy estate. The Court will retain jurisdiction over the case as an action arising under the patent laws, pursuant to 28 U.S.C. §§1338(a).

**B.     Individual Defendants' Motions**

*1.     Personal Jurisdiction and Venue*

The individual defendants have moved to dismiss based on lack of personal jurisdiction and improper venue. They argue that they live in Florida, the allegedly infringing activity took place in Florida, and they have no personal or economic contacts with Illinois. It is Cytomedix's burden to establish personal jurisdiction. *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir. 1988). Under Illinois law, which applies here, it must demonstrate some basis of general or specific jurisdiction over the defendants pursuant to 735 ILCS 5/2-209. *See John Walker & Sons v. DeMert & Dougherty Inc.*, 821 F.2d 399, 401 (7th Cir. 1987). Cytomedix has made no attempt to discharge this burden. Rather, it rests entirely on its assertion of bankruptcy jurisdiction, relying on the nationwide service of process afforded by 28 U.S.C. § 1334 and Federal Rule of Bankruptcy Procedure 7004(d).[2] Because we have determined that bankruptcy jurisdiction is inappropriate and that the case arises under the patent laws, Cytomedix must demonstrate some other basis to exercise personal jurisdiction over the individual defendants. It has failed to do so. The claims against the individual defendants are therefore dismissed. Defendants' motion to dismiss for lack of proper venue is denied as moot.

*2.     Failure to State a Claim*

The individual defendants also move to dismiss the patent infringement allegations against them for failure to state a claim. Because personal jurisdiction is lacking, this motion is denied as moot.

---

[2] F.R.B.P. 7004(d) applies to adversary proceedings and provides that "[t]he summons and complaint and all other process excpet a subpoena may be served anywhere in the United States."

8

## CONCLUSION

For the reasons stated above, the Court grants PPAI's motion to reformulate jurisdiction [docket item 7-1] and individual defendants Smith, Buzenius and Pennie's motion to dismiss for lack of personal jurisdiction [docket item 8-1]. The motions are otherwise denied. Florida Platelet Gel Symposium's motion to dismiss [9-1] is terminated as moot. PPAI is directed to answer the complaint within 14 days.

                                              MATTHEW F. KENNELLY
                                              United States District Judge

Date: January 28, 2003